## UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D.C.

## UNITED STATES

### v.

## Crystal A. KESSLER
## Fireman Apprentice (E-2), U.S. Coast Guard

## CGCMS 24251

## Docket No.  1190

## 6 January 2004

Special Court-Martial convened by Commanding Officer, Coast Guard Group Key West. Tried at Coast Guard Station, Key West, FL, on 12 February 2003.

| | |
|---|---|
| Military Judge: | CDR John C. Odell, USCG |
| Trial Counsel: | LT Brian DeVries, USCG |
| Assistant Trial Counsel: | LT Scott C. Hale, USCG |
| Defense Counsel: | LT Howard Walton, JAGC, USN |
| Appellate Defense Counsel: | LCDR Nancy J. Truax, USCG |
| Appellate Government Counsel: | LT Sandra J. Miracle, USCG |

## BEFORE
## PANEL EIGHT
## BAUM, PALMER, & CAHILL
Appellate Military Judges

Per Curiam:

Appellant was tried by special court-martial, military judge alone.  Pursuant to her pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of the following offenses: one specification of physically controlling a passenger car while impaired by ecstasy, a schedule one controlled substance, in violation of Article 111, Uniform Code of Military Justice (UCMJ); and two specifications of wrongful use of ecstasy, in violation of Article 112a, UCMJ.  She was also convicted of wrongfully distributing some amount of ecstasy, in violation of Article 112a, UCMJ, after pleading not guilty to that offense.

Appellant was sentenced to a bad conduct discharge, confinement for 225 days, and reduction to E-1.  The Convening Authority approved the sentence, but, in accordance with the pretrial agreement, suspended for 180 days all confinement in excess of 180 days.

Before this Court, Appellant has assigned two errors: that the defense counsel was not detailed in accordance with Article 27(a), UCMJ, and that Appellant was subjected to illegal

pretrial punishment in violation of Article 13, UCMJ.  In her first assignment, Appellant notes that Article 27(a), UCMJ, requires counsel to be detailed in accordance with regulations prescribed by the Secretary concerned, and that the relevant secretarial regulation is the U.S. Coast Guard Military Justice Manual, which designates the cognizant Coast Guard Maintenance and Logistics Command (MLC) as the appropriate authority to detail certified defense counsel.  In this case, Appellant asserts that the record does not reflect defense counsel's detailing by an MLC.  Instead, there is a letter in the record from the Commanding Officer, Naval Legal Service Office Southeast, detailing a defense counsel for Appellant, signed by the Senior Defense Counsel, by direction of the commanding officer.   Appellant, while not conceding any error in the detailing of counsel to be non-prejudicial, submits the matter to the Court for consideration and corrective action as deemed appropriate.  We have considered this assignment and note that Appellant has correctly drawn attention to the proper method for detailing of defense counsel and we urge trial participants and staff judge advocates to take care in this regard by ensuring that proper detailing letters from the MLC be completed and made a part of the record.  In this case, however, we find no prejudice to Appellant from this discrepancy.

In her second assignment, Appellant cites to language from our opinion in *United States v. Warner*, 59 M.J. 590, 593 (C.G.Ct.Crim.App. 2003) to support an argument that the sixty days of delay from the date of imposition of restriction to the detailing of a defense counsel has caused Appellant's pretrial restriction to constitute illegal pretrial punishment.  In *Warner*, we stated that "lengthy pretrial restraint combined with unexplained pretrial delay invites an inference that the government is using illegal pretrial punishment to unlawfully enhance the sentence which may be imposed at trial." *Id.* at 593.  The facts in the instant case are distinctly different from those in *Warner*.  Here, charges were preferred thirty-nine days after Appellant was placed in restriction.  Ten days later those charges were referred to trial, and ten days after referral Appellant was detailed a defense counsel.  In Warner, we opined that three months of restriction with no apparent movement toward trial creates the appearance that the restriction is more rigorous than necessary.  We do not have that appearance in the case before us now.  Appellant's assignment of error is rejected.

We have reviewed the record in accordance with Article 66, UCMJ.  Upon such review, the findings and sentence are determined to be correct in law and fact and, on the basis of the entire record, should be approved.  Accordingly, the findings of guilty and the sentence, as approved and partially suspended below, are affirmed.

For the Court,



Roy Shannon Jr.
Clerk of the Court